J-S27042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DIODORO | : | |
| | : | |
| Appellant | : | No. 185 EDA 2020 |

Appeal from the PCRA Order Entered December 11, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005422-2010

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 23, 2020**

Appellant, Anthony Diodoro, appeals *pro se* from the December 11, 2019, order entered in the Court of Common Pleas of Delaware County dismissing his fifth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

This Court has previously set forth the relevant facts and procedural history, in part, as follows:

> On January 24, 2011, [A]ppellant entered a negotiated guilty plea to twenty-five consolidated counts of possession of child pornography. *See* 18 Pa.C.S.A. § 6312[(d.1)]. On June 29, 2011, he was sentenced to a term of twelve and one half to twenty-five years of incarceration. [Appellant] was granted leave to file a motion for modification of sentence *nunc pro tunc*.

---

* Former Justice specially assigned to the Superior Court.

A motion for modification of sentence was denied on March 1, 2012. No appeal from [the] judgment of sentence was taken.

On July 18, 2012, a counseled PCRA petition was filed on [Appellant's] behalf by Jonathan J. Sobel, Esquire. The Commonwealth responded to the petition and on May 23, 2013, the petition was denied. [Appellant] did not pursue his right to an appeal.

On September 11, 2014, [Appellant] filed a second PCRA petition. The petition alleged that a sentence greater than the lawful maximum was imposed. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vii). On September 30, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice. [Appellant] filed a counseled response and the petition was dismissed as untimely on November 12, 2014. [Appellant] appealed to [this Court], and on June 18, 2015, [we] affirmed. [Appellant] filed a petition for allowance of appeal to the Pennsylvania Supreme Court and on March 17, 2016, that petition was denied.

On April 1, 2016, [Appellant] filed his third PCRA petition. The petition allege[d] that he was denied the effective assistance of counsel when he entered his negotiated guilty plea, that an illegal sentence was imposed[,] and that he was convicted before a tribunal without jurisdiction. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(II), (vii), (viii)....On May 9, 2016, an Order giving notice of the court's intent to dismiss the petition without an evidentiary hearing was entered. The court informed [Appellant] that the petition did not satisfy the PCRA's jurisdictional time requirements....The PCRA petition...was dismissed on June 7, 2016. [Appellant appealed, and on March 28, 2017, we affirmed].

***Commonwealth v. Diodoro***, No. 1932 EDA 2016, at 1-3 (Pa.Super. filed 3/28/17) (unpublished memorandum) (quotation to record omitted).

On September 18, 2017, PCRA counsel filed a fourth PCRA petition on behalf of Appellant, and following notice, the PCRA court dismissed the petition on December 28, 2017. Appellant did not file an appeal.

On November 1, 2019, Appellant filed the instant *pro se* PCRA petition,[1] and the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing. Appellant filed a *pro se* objection, and on December 12, 2019, the PCRA court dismissed Appellant's petition on the basis it was untimely filed. This timely *pro se* appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, no such statement was filed. However, the PCRA court filed a Rule 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Presented" (verbatim):

1. Whether the PCRA court interfered with Appellant's due process rights to meaningful appellate review by (1) failing to rule upon counsel's motion to withdraw as counsel and thus, hindered Appellant['s] and the court's ability to proceed further in absence of a ruling, (2) failing to conduct an on the record colloquy to assure Appellant voluntarily and knowingly waived his right to counsel, (3) failing to notify Appellant of his right to appeal, and (4) failing to appoint counsel during the first PCRA proceeding after a timely amended petition was filed on Appellant's behalf?

2. Whether the PCRA court erred when it determined that Appellant's petition did not satisfy the newly discovered fact exception?

Appellant's Brief at 4 (suggested answers omitted).

---

[1] Although Appellant's *pro se* petition was docketed in the lower court on November 12, 2019, we shall deem it to have been filed on November 1, 2019, when it was handed to prison authorities. **See** Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to prison authorities for purposes of mailing or placed in the institutional mailbox[.]").

Preliminarily, we note our well-established standard of review:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa.Super. 2007) (citations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[2] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, Appellant's post-sentence motion was denied on March 1, 2012, and he did not file a direct appeal to this Court. Consequently, his judgment of sentence became final on March 31, 2012, upon expiration of the thirty day period to file a direct appeal in this Court. ***See*** Pa.R.A.P. 903(a). Appellant filed the instant petition on November 1, 2019, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant attempts to invoke the timeliness exceptions provided for in Subsections 9545(b)(1)(i) and (ii).

---

[2] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." ***See id.***, cmt. Appellant filed his current PCRA petition on November 1, 2019, and he averred that his claim "arose" in February of 2019 when he first learned of the "facts" underlying his timeliness exception.

Specifically, Appellant contends that, prior to the PCRA court denying his first PCRA petition on May 23, 2013, his counsel, Attorney Sobel, filed a motion to withdraw his representation on March 14, 2013, due to Appellant having a lack of sufficient funds for payment. However, he avers the PCRA court failed to rule on the motion. He contends that all proceedings occurring thereafter are rendered "null and void," and he is entitled to Subsection 9545(b)(1)(i)'s government interference exception due to the PCRA court's alleged interference with his right to counsel. He further contends his discovery of the PCRA court's failure to rule upon counsel's motion to withdraw constitutes a newly-discovered fact under Subsection 9545(b)(1)(ii).

To establish the government interference exception, "Appellant was required to plead and prove that his failure to raise the claim…*previously* was the result of interference by government officials with the presentation of the claim…in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States…." ***Commonwealth v. Chester***, 586 Pa. 468, 895 A.2d 520, 523 (2006) (quotation marks and quotation omitted) (emphasis in original).

> To establish the newly discovered fact timeliness exception in [Sub]section 9545(b)(1)(ii), a petitioner must demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered

facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

In the case *sub judice*, assuming, *arguendo*, Appellant met the initial one year threshold, we agree with the PCRA court that Appellant has failed to demonstrate that he is entitled to the timeliness exceptions provided for in Subsections 9545(b)(1)(i) and (ii). Specifically, as the PCRA court reasoned:

> Assuming, *arguendo*, that the PCRA [c]ourt committed an error when it failed to rule on [Attorney] Sobel's application to withdraw, this fact was known to [Appellant] as far back as 2013 and certainly it could have been ascertained with the exercise of due diligence. Between 2013 and 2019[,] three [additional] PCRA petitions were filed [in this case]. [Attorney] Sobel entered the 2014 PCRA proceedings when he filed a response [to the] 2014 Notice of Intent to Dismiss and filed a counseled petition in 2017 on [Appellant's] behalf….[Appellant] claims that he only learned of [the] "fact" of government interference in February of 2019 when [the PCRA court's failure to rule on the motion to withdraw was included]…in [a] footnote in a Report and Recommendation that was entered in the Eastern District of Pennsylvania. **See Diodoro v. Marsh**, CV 18-2031, 2019 WL 1245157, (E.D. Pa. Feb. 26, 2019), *report and recommendation adopted*, CV 18-2031, 2019 WL 1243008 (E.D. Pa. Mar. 18, 2019). This contention is absurd. First, the "interference" that he alleges is properly characterized as court error that occurred in 2013 and this "fact" was known to him [or easily could have been ascertained by due diligence] in 2013. It bears mentioning that [Appellant] hired [Attorney] Sobel repeatedly over the years and that he participated as counsel in subsequent PCRA proceedings.

PCRA Court Opinion, filed 1/21/20, at 6-7.

We find no error in the PCRA court's sound analysis. Simply put, regarding the PCRA court's failure to rule on Attorney Sobel's motion to

withdraw, which was filed on March 14, 2013, Appellant has failed to demonstrate that he could not raise his claim of error previously as a result of government interference. **See Chester**, **supra**. Further, he has failed to demonstrate that the facts upon which the claim was predicated were unknown to him or could not have been ascertained by the exercise of due diligence. **See Brown**, **supra**. Accordingly, he has not met the timeliness exceptions set forth in Subsections 9545(b)(1)(i) and (ii). Therefore, we conclude the PCRA court properly dismissed Appellant's instant PCRA petition on the basis it was untimely filed.[3]

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2020

---

[3] To the extent Appellant contends the PCRA court erred in dismissing his fifth PCRA petition without an evidentiary hearing, we note "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super. 2008). In the case *sub judice*, the PCRA court properly concluded that Appellant did not raise a genuine issue of material fact, and the PCRA court did not otherwise abuse its discretion in failing to hold a hearing.